# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| FIRST GUARANTY MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>KIRKPATRICK-BROOKS, et. al.,<br><br>    Defendants. | Civil Action No.<br><br>2:18-CV-14567-SDW-SCM<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>**[D.E. 6]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Plaintiff First Guaranty Mortgage Corporation's ("First Guaranty") Motion to Remand.[1] Defendants Madge Kirkpatrick-Brooks and Omar A. Brooks (collectively, "the Brookses") oppose the motion.[2] The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for report and recommendation.[3] Having reviewed and considered the parties' submissions, it is respectfully recommended that First Guaranty's Motion to Remand be **GRANTED.**

---

[1] (ECF Docket Entry No. ("D.E." 6, Mot. to Remand). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 13, Defs.' Br.).

[3] L. Civ. R. 71.1(a)(2).

I. **BACKGROUND AND PROCEDURAL HISTORY**[4]

This matter arises from a foreclosure action of the subject property located at 19-21 Kenmore Avenue, Newark, New Jersey 07102.[5] First Guaranty filed the Complaint in the Superior Court of New Jersey, Essex County, on November 20, 2017 under docket number F-026194-17.[6] The matter then proceeded uncontested to completion and final judgment was entered against the Brookses on April 5, 2018.[7] Thereafter, the Brookses filed the Notice of Removal and Motion to Dismiss on October 2, 2018, arguing that the final judgment should be dismissed on the grounds that the Summons and Complaint were never served.[8] On October 19, 2018, First Guaranty opposed the motion and responded with a Cross-Motion to Remand, arguing, *inter alia*, that removal was untimely.[9] On November 8, 2018, the Brookses filed their opposition to the Cross-Motion to Remand.[10]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for the purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Notice of Removal).

[6] (D.E. 6, Mot. to Remand).

[7] *Id*.

[8] (D.E. 1, Notice of Removal).

[9] (D.E. 6, Mot. to Remand).

[10] (D.E. 13).

## II. DISCUSSION & ANALYSIS

### A. Legal Standard

A claim first brought in state court may be removed to federal court under 28 U.S.C §1441.[11] When there is an alleged defect in the removal procedure or a lack of subject matter jurisdiction, a party may move to remand the issue back to state court.[12] The Third Circuit directs its courts to strictly construe 28 U.S.C. §1441 against removal and to resolve all doubts in favor of remand.[13] It is assumed "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record."[14] As a result, "the burden is on the removing party to show the case belongs in federal court."[15]

Under 28 U.S.C §1446(a), a civil action brought in state court may be removed by a defendant to the proper federal district court with original jurisdiction.[16] Removal requires an independent ground for subject-matter jurisdiction such as diversity jurisdiction or federal question jurisdiction.[17] Under 28 U.S.C §1446(b), a notice of removal of a civil action or

---

[11] *See* 28 U.S.C §1441.

[12] *See* 28 U.S.C §1447(c).

[13] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

[14] *DeJoseph*, 18 F. Supp. 3d at 598 (quoting *Philadelphia Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

[15] *Constantino v. Cont'l Airlines, Inc.*, No. 13-1770, 2014 WL 2587526, at *1 (D.N.J. June 9, 2014) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[16] *See* § 1441(a).

[17] *Id.*

proceeding shall be filed within thirty days after the defendant is successfully served with process.[18] Where the initial pleading does not indicate that the case is removable from the allegations but becomes removable afterward, federal law prescribes that the notice of removal be filed "*within 30 days* after *receipt* by the defendant, *through service or otherwise,* of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."[19]

Although First Guaranty provides numerous reasons in support of remanding this action to state court, the following focuses on the untimeliness of the motion to remove under 28 U.S.C § 1446. The Court finds that remand is proper under this consideration and reserves decision on First Guaranty's other arguments.

### B. Analysis

The issue before the Court is whether the Brookses timely removed this action, which rests on determining when the thirty-day period for removal began to run under 28 U.S.C § 1446(b).[20] First Guaranty argues that the thirty-day period for removal period began to run on November 27, 2017, when the initial complaint was served by process server to the Brookses at the subject property.[21] This is evidenced by the process server's Affidavit of Service.[22] First Guaranty further

---

[18] *See* 28 U.S.C 1446(b).

[19] *See* 28 U.S.C. § 1446(b)(3); *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 50 (3d Cir.1993) (emphasis added).

[20] *Id*.

[21] (D.E. 6, Mot. to Remand).

[22] *Id*. at 40.

argues in the alternative that the thirty-day period for removal began to run, if not at the time of the filing of the original complaint, then on February 12, 2018, when the Brookses participated in the state court proceedings by filing the document titled "Affidavit and Notice of Standing and Request for Verification of Holder in Due Course."[23]  The Brookses conversely argue they were not properly served until October 26, 2018, when Omar Brooks first appeared in federal court for a conference.[24]

The manner by which a plaintiff may effectuate service of process in a federal action is set forth by federal rule.[25] Service upon an individual, other than a minor or incompetent person, may be effected by delivering a copy of the summons and complaint to the individual personally,[26] by leaving copies of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there,[27] or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[28]

---

[23] (D.E. 9, Defs.' Ltr.).

[24] (D.E. 12, Defs.' Appl.).

[25] *See Johnson-Lloyd v. Vacation Rehab Office, Pennsylvania Dep't of Labor & Indus.*, 813 F. Supp. 1120 (E.D. Pa. 1993).

[26] Fed. R. Civ. P. 4(e)(2)(A).

[27] Fed. R. Civ. P. 4(e)(2)(B).

[28] Fed. R. Civ. P. 4(e)(2)(C).

Alternatively, a defendant may waive its right to service of process and appear voluntarily.[29] Making an appearance in a case is the equivalent of process and service,[30] and waives all objections to process or service,[31] submitting the appearing defendant to such jurisdiction as the court is competent to exercise.

Thus, regardless of the disputed service on October 26, 2018, the Brookses' removal is still untimely. The Brookses filed an affidavit on the state court's docket on February 12, 2018, setting forth the facts and merits of their claims in this case. This filing constituted a voluntary general appearance in the case. Hence, at latest, removal was required by March 14, 2018. Yet notice of the Brookses' motion for removal was not filed in this Court until October of 2018. Consequently, the Brookses' removal is untimely.

### III. RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that First Guaranty's Motion to Remand be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[32] "The District Court need not consider frivolous, conclusive, or general objections."[33]

---

[29] *See Shelton v. Tiffin*, 47 U.S. 163 (1848); *Nagle v. Lee*, 807 F.2d 435 (5th Cir. 1987).

[30] *Hill v. Mendenhall*, 88 U.S. 453, 454 (1874); *Creighton v. Kerr*, 87 U.S. 8, 22 (1873); *Habich v. Folger*, 87 U.S. 1, 22 (1873); *Cooper v. Reynolds*, 77 U.S. 308 (1870).

[31] *See Houston v. Ormes*, 252 U.S. 469 (1920); *Johnson v. Waters*, 111 U.S. 640 (1884); *Washington, A. & G.R. Co. v. Brown*, 84 U.S. 445 (1873).

[32] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[33] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

The Clerk of the Court shall mail a copy of this Report and Recommendation to Ms. Madge Kirkpatrick-Brooks at her last known address.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/14/2018 6:38:42 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc:     All parties
    File

Madge Kirkpatrick-Brooks
19-21 Kenmore Avenue
Newark, NJ 07106